## VICTOR BURTHE *v.* BLAKE AND THE TOWN OF CARROLLTON.

The founders of the town of Carrollton, when they caused the original plan of the McCarty planta-
tion to be made—dividing it into squares or portions of land, numbered and bounded by streets and
avenues—and offered it at auction to the public, clearly intended to give it the character and desti-
nation of suburban property, and no one holding squares and pieces of ground described in his title
with reference to this plan, which has been the subject of legislative recognition, can consistently
with his own title, the manifest intention of his authors, and the rights of other citizens who have
bought on the faith of the same declared intention and appropriation, dispute the public character
of the portion of the land so reserved for streets and avenues, whenever the corporation of Carroll-
ton shall consider the proper time has arrived for having them opened. The plaintiff must be con-
sidered as having bought his property with reference to this ultimate exercise of power.

APPEAL from the District Court, of the Parish of Jefferson, *Clarke, J.
Roselius,* for plaintiff and appellant. *Beecher,* for defendants.

SLIDELL, C. J. (VOORHIES, J., absent.) The defendants having passed an
ordinance for opening two streets in the town of Carrollton, called Levee and
Clinton streets, the plaintiff sued out an injunction to prevent it, alleging that
the ground through which it was proposed to open them, was his property, and
that the defendants had no right to do so without having previously paid a full
indemnity to him for the lands to be taken for such streets, and without having
complied with the requisites prescribed by law for the opening of streets by
municipal corporations.

The defendants in their answer allege, that the plantation formerly called
McCarty's, belonged, in the year 1832, to the New Orleans Canal and Banking
Company, *Laurent Millaudon, John Slidell,* and *Samuel Kohn;* that in that
year, the said proprietors made a plan and prospectus of said plantation, divid-
ing it into streets and squares, and called it Carrollton, and caused the whole
of the squares to be sold at public auction, according to the said plan and pros-
pectus, and passed their deed of sale referring to said auction sale, the pros-
pectus and plan of said town; and they allege that defendants hold under them
by virtue of one or more of said deeds or bills of sale and subsequent convey-
ances.

Your respondents allege, that said proprietors, by their prospectus, plan and
public sales at auction, and before notaries, established and dedicated to the
public use, and to the purchasers of squares and lots in Carrollton specially,
a street eighty-feet wide, called Levee street, extending from upper to lower
line streets, and nearly parallel to the old river road, and also a street called
Clinton street, fifty feet wide, extending from said Levee street parallel to.
Adams street to First street on the railroad.

Your respondents allege, that the dedication of said streets to public use,
and especially to the use of the purchasers of squares and lots in Carrollton by
the proprietors, who established said town, was always well known to the plain-
tiff and has been frequently acknowledged by him and those under whom he
holds, and has always been matter of public notoriety, and that the said streets
have only been temporarily closed by the permission of your respondents, for
the convenience of said plaintiff, and they deny that he ever possessed the said
streets as owner, or has acquired any right to the same by prescription, as he
pretends.

In his petition, the plaintiff has alleged ownership and long possession by inclosures, but abstained from reciting his titles. The defendants, however, have offered deeds exhibiting portions of his chain of title and that of other proprietors; and from their recitations it appears, that the material allegations of their answers respecting the plan of the town of Carrollton, and sales in conformity thereto, were true, and that the plaintiff's father bought a portion of the lands he holds under the enclosure, under the description of a piece of land fronting on said streets, and with reference to said plan. The description in one of the deeds is as follows; *Kohn* (who was one of the founders of the town,) sells to *D. F. V. Burthe,* "the undivided half of a certain piece or portion of ground situate at Carrollton, in said parish of Jefferson, and designated by the number one on the original plan of Carrollton, drawn by Charles F. Zimpel, engineer and surveyor, dated the 16th day of March, 1832, deposited for reference in the office of G. R. Stringer, notary, in this city, and of whom Theodore Guyol is the successor in office. The said portion of ground having American measure 1205 feet on the line of Levee street, 3198 feet on the road separating said Carrollton from the plantation heretofore belonging to *Pierre Foucher,* 449 feet on First street, and 2380 feet on Clinton street, together with the undivided half of all the buildings and improvements on the said piece of ground," &c.

The plan spoken of, we understand to be the same plan which is referred to in the first section of the statute incorporating the Town of Carrollton, enacted March 10, 1845, p. 47; which statute clothes the Mayor and Council of the town with "powers to prevent the stoppage or obstruction of the streets, levees, and public roads of the town, and adopt such regulations for that purpose, and for the removal of all buildings or obstructions on the levees or public roads of said town, as may not be inconsistent with the laws of Louisiana." The plan is also recognized in the charter of the New Orleans and Carrollton Railroad Company, granted in 1833. The 4th section is in these words: The said corporation is hereby invested with all the powers necessary for the construction and repair of a railroad from some point in the suburb St. Mary, through Nayades street, to its termination in the suburb Livaudais, and from thence to a street named First street, on a plan made of the plantation formerly belonging to *Barthelmy Macarty,* and which plan is deposited in the office of Greenbury R. Stringer, and thence through said street to the river Mississippi; provided the said railroad be so constructed as not to prevent the use and traveling in any street through which it may pass." Acts of 1833, p. 9.

It further appears, that *Burthe* and *Millaudon,* his co-proprietor, had addressed to the Mayor and Council a petition, in these words:

To the honorable the Mayor and Aldermen of the Council of Carrollton: The petition of *L. Millaudon* and *V. Burthe,* respectfully represents, that your petitioners are owners of all that portion of ground situated in Carrollton, and comprised between lower line and Adams street, from Levee street to Carrollton Railroad, and described in the accompanying sketch.

Petitioners say further, that agreeably to a resolution of your honorable body, they have been notified to open Clinton street, which runs through said tract of land.

Now, petitioners say, that the opening of said street would be, for several years to come, of no benefit to the public, inasmuch as your petitioners are the only owners of the property on both sides; that it would be, on the con-

BURTHE
*v.*
BLAKE.

trary, a source of useless expense both to the city, who would have to keep said street in repair, and to your petitioners, who would have to fence in the lots on both sides.

Wherefore your petitioners, impressed of the idea that it is your honorable body's wish to promote the interest of individuals when it can be done without loss or detriment to the public, would respectfully ask your honorable body to repeal the resolution ordering the opening of Clinton street, and to grant to petitioners the privilege of leaving the same enclosed for five years. And as in duty bound, &c.

(Signed)       MILLAUDON & BURTHE.

It further appears, that the expediency of opening the streets in this quarter of the town, had been considered by the council, and determined upon as conducive to its prosperity.

On the other hand, it appears that the plaintiff and his authors have had the ground, appropriated by the plan for these streets, under enclosure for many years.

Upon this state of facts, we think the District Judge did not err in dissolving the injunction.

The founders of this town, when they caused this plan of the Macarty plantation to be made, dividing it into squares or portions of land, numbered and bounded by streets and avenues, and offered it at auction to the public, clearly intended to give it the character and destination of suburban property. No one holding squares and pieces of ground described in his title with reference to this plan, which has been the subject of legislative recognition, can consistently with his own title, the manifest intention of his authors, and the rights of other citizens who have bought on the faith of the same declared intention and appropriation, dispute the public character of that portion of the land so reserved for streets and avenues, whenever the corporation of Carrollton shall consider the proper time has arrived for having them opened. The plaintiff must be considered as having bought his property with reference to this ultimate exercise of power, and is entirely unsupported in his pretention that by the sufferance of the municipal council, that he should enclose the lands, while the public convenience did not require the opening of the designated streets, he could thereby acquire a right in the soil which he never purchased, and which on the contrary was excluded from his ownership, by the term of his deed.

This case presents circumstances materially different from those considered in the case of the *Town of Carrollton* v. *Jones*, 7th Ann. 233. The defendants were in possession of a portion of a large piece of ground designated on the original plan of the Town of Carrollton. The previous proprietor had caused a plan to be made, representing new streets through this piece of ground; and a sale according to it was made to a person named *Sharp*, and a mortgage according to the plan was made to the Carrollton Bank. But it appeared that *Sharp* forbore to exercise any right of way, and, on the contrary, contended that the property should remain in its enclosed condition; the mortgage creditors had not exercised their rights, and the court assumed that the debt was paid. There had moreover never been any public approval of the plan. See opinion of EUSTIS, C. J. on re-hearing.

Judgment affirmed; appellant to pay costs of appeal.